I MAMES F. McKAY III, Judge.
On September 19,1998, a vehicle operated by Kendrick Craft crashed as the roadway in the vicinity of 10100 Morrison Road collapsed directly above an eighteen-inch sewer line. Kendrick Craft’s mother, Ger-maine Craft, and his sister, Oriana Craft, were passengers in the vehicle. The collapse of the roadway was caused by a washout, which resulted due to the failure of the eighteen-inch sewer line below the roadway. As a result of the accident, all three of the vehicle’s occupants were injured.
Germaine Craft, individually and on behalf of the minor child, Oriana Craft, and Kendrick Craft filed suit against Sewerage and Water Board of New Orleans (S & WB) and Boh Brothers Construction Company, L.L.C. A bench trial was held on February 11 and February 12, 2003. On August 11, 2003, the trial court rendered a judgment with written reasons finding that the sewer line in question was in the care, custody and control of the S & WB. The judgment further held that S & WB had notice of the defective sewer line and had a reasonable opportunity to make the necessary repairs. The trial court made the following damage awards: | ^Germaine Craft was awarded $65,000.00 plus medical specials in the amount of $45,871.53; Kenneth Craft was awarded $9,000.00 plus medical specials in the amount of $4,230.75; and Oriana Craft was awarded $1,000.00 plus medical specials in the amount of $278.70. The trial court also awarded State Farm Mutual Automobile Insurance Company, as subrogee of Ger-maine Craft and as her automobile liability carrier, a reimbursement of $979.84. The S & WB appeals this judgment. The plaintiffs have answered the appeal and seek an increase in the damages awarded to them.
On appeal, the S & WB raises the following assignments of error: 1) the court below was manifestly erroneous in finding that there was notice of the condition which caused the collapse of the street; 2) the court below erred in finding any liability on the part of the S & WB given that the evidence produced did not meet and satisfy the statutory and jurisprudential requirements for assigning liability to the S & WB, particularly in light of La. R.S. 9:2800; and 3) the court below erred in the amount of damages awarded in this matter. The plaintiffs seek an increase in quantum. Germaine Craft also seeks a modification of the trial court’s judgment in that $9,000.00 of stipulated lost wages were not made part of the judgment despite statements from the trial court to the contrary as well as a modification of the trial court’s judgment in that property damages in the amount of $1,145.48, rental car bills in the amount of $235.53 and towing charges in the amount of $66.25 were not made part of the judgment and were uncontested at trial.
lain reviewing the factual findings of a trial court, an appellate court is limited to a determination of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Stobart v. State through Dept. of Transp. and Dev., 617 So.2d 880 (La.1993). Where two permissible views of the evidence exist, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Id. at 883. The issue to be resolved is not whether the trier of fact *911 was right or wrong, but whether the fact-finder’s conclusion was a reasonable one. Id. at 882. The reviewing court may not disturb evaluations of credibility and inferences of fact when the findings are reasonable in light of the record in its entirety, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Id. at 882-883.
In the instant case, several employees of the S & WB testified concerning actual or constructive notice of the defective condition of the sewer line. According to John Wilson, the S & WB had records of the complaints relative to the area in question on at least two occasions prior to the September 19, 1998 accident; one involved an inlet leak at the main on February 6, 1998 for which there was no record of repair, the other, on May 2, 1998, involved a complaint of subsidence some 300 feet away from the site of the Craft accident. John Huerkamp confirmed that there had been subsidence problems near the intersection of Morrison and Read and acknowledged the February 6, 1998 complaint of an inlet leak with no record of repair. Mr. Huerkamp suggested that this lack of a record of repair was because the representative of the S & WB who went out to the area determined that | ¿there was no leak. Curtis August testified that as part of his job he would travel up and down Morrison Road approximately once a week responding to complaints in the area. Mr. August acknowledged that he did the initial response to the February 6, 1998 complaint of a leak on Morrison near the area in question and found an inlet leak, which he requested to be repaired. Based on the testimony of these S & WB employees, we find nothing manifestly erroneous in the trial court’s finding that there was notice of the condition which caused the collapse of the street.
La. R.S. 9:2800, which deals with the limitation of liability for public bodies, provides:
A. A public entity is responsible under Civil Code Article 2317[1] for damages caused by the condition of buildings within its care and custody.
[[Image here]]
C. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
D. Constructive notice shall mean the existence of facts which infer actual knowledge.
[[Image here]]
F. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
G. “Public entity” means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, | ^commissions, instru-mentalities, officers, officials, and em *912 ployees of such political subdivisions. Public entity also includes housing authorities, as defined in R.S. 40:384(15), and their commissioners and other officers and employees and sewerage and water boards and their employees, servants, agents, or subcontractors.
Therefore, in order to prove public entity liability for a thing, a plaintiff must establish: 1) custody or ownership of the defective thing by the public entity: 2) that the defect created an unreasonable risk of harm; 3) that the public entity had actual or constructive knowledge of the defect; 4) that the public entity failed to take corrective measures within a reasonable time; and 5) causation. Dupree v. City of New Orleans, 99-3651 (La.8/31/00), 765 So.2d 1002.
At trial, the expert witnesses presented by the S & WB acknowledged that the S & WB is charged with the duty of installing, maintaining, inspecting and repairing all equipment and facilities such as the eighteen-inch sewer line. Accordingly, the S & WB was in the care, custody and control of the failed eighteen inch sewer line. As stated above, we find no error in the trial court’s finding that the S & WB had notice of the defect. It is also evident from the testimony of the S & WB employees that the S & WB failed to take corrective measures within a reasonable time. The defective condition of the sewer line and the S & WB’s failure to take corrective measures within a reasonable time caused the collapse of the roadway. A collapsed roadway is clearly an unreasonable risk of harm to the motoring public.
Both the plaintiffs and the defendant complain about the damage awards in this case. However, a reviewing court should not disturb a damage award absent a clear abuse of discretion by the trier of fact. Reichert v. State, Department of Transportation and Development, 96-1419, 96-1460 (La.5/20/97), 694 So.2d 193; Reek v. Stevens, 373 So.2d 498 (La.1979). A reviewing court should first determine that an award is below or above that which a reasonable trier of fact [ ¿¡could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). After that determination, an appellate court can resort to prior awards to decide the highest or lowest point which is reasonably within that discretion. Id. at 1260; Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976).
Based on the record (including stipulated medical expenses) before this Court, we cannot find that the general damages awarded in this case were below or above that which a reasonable trier of fact could assess for the effects of these particular injuries to these particular plaintiffs under these particular circumstances.
With regards to Germaine Craft’s claim for lost wages, we find that the trial court erred in not awarding her $9,000.00. At trial, the court stated: “But I will tell you that we have got a stipulation that if she succeeds in proving liability she has lost wages of $9,000.” The plaintiffs succeeded in proving the liability of the S & WB. As such, Ms. Craft should have been awarded $9,000.00 in lost wages. With regards to Germain Craft’s claim for property damage, a modification of the trial court’s judgment is also in order. Ger-maine Craft had uncontested property damage in the amount of $1,145.48, rental car bills in the amount of $235.53, and towing charges in the amount of $66.25 for a total of $1,447.26. However, State Farm has already paid Ms. Craft $979.84, for which it was awarded a reimbursement in that amount by the trial court. As such, *913 Ms. Craft is entitled to an additional award of $467.42 for her property damage and associated costs.
For the foregoing reasons, we affirm the judgment of the trial court and amend it to award Germaine Craft $9,000.00 for lost wages and $467.42 for property damage and associated costs.
|7AFFIRMED AND AMENDED.
CANNIZZARO, J., concurs with reasons.

. Louisiana Civil Code Article 2317 provides: "We are responsible, not only for damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.”